IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROEL OLMEDO, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiff, | ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT |
| v. | |
| SKY CLIMBER WIND SOLUTIONS LLC d/b/a SKY CLIMBER RENEWABLES, an Ohio for-profit corporation, | Jury Trial Demanded |
| Defendant. | FLSA Collective Action<br>Rule 23 Class Action |

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

SUMMARY

1.      Roel Olmedo brings this class and collective action to recover unpaid wages and other damages from Sky Climber Wind Solutions LLC d/b/a Sky Climber Renewables.

2.      Sky Climber employed Olmedo as one of its Hourly Employees (defined below) in Washington, Texas, and Iowa.

3.      Sky Climber pays its Hourly Employees (like Olmedo) on an hourly basis.

4.      Olmedo and the other Hourly Employees regularly work more than 40 hours a week.

5.      But Sky Climber does not pay its Hourly Employees for all their hours worked.

ORIGINAL COMPLAINT - 1

6.      Instead, Sky Climber requires its Hourly Employees to "clock out" for 30 minutes a day to record they took a meal break, regardless of whether they actually received a *bona fide*, uninterrupted meal break (Sky Climber's "meal break policy").

7.      Thus, Sky Climber does not pay its Hourly Employees for that time.

8.      But Olmedo and the other Hourly Employees do not actually receive *bona fide* meal breaks (or even rest breaks).

9.      Instead, Sky Climber requires its Hourly Employees to remain on-duty and perform their regular job duties throughout their shifts (including during their so-called "meal breaks" and rest breaks), and Sky Climber continuously subjects them to work interruptions during their attempted "meal breaks" (and rest breaks).

10.     Sky Climber's failure to provide Olmedo and its other Hourly Employees with *bona fide* meal (and rest) periods violates the Washington Industrial Welfare Act ("WIWA") and related Washington Dept. of Labor & Industries ("DOLI") regulations.

11.     And Sky Climber's meal break policy violates the Fair Labor Standards Act ("FLSA") and the Washington Minimum Wage Act ("WMWA") by depriving Olmedo and the other Hourly Employees of overtime wages for all overtime hours worked.

12.     Likewise, as a result of its meal break policy, Sky Climber willfully withholds earned wages from Olmedo and the other Hourly Employees for their on-duty "meal breaks" in violation of the Washington Wage Rebate Act ("WWRA").

13.     In addition to failing to pay its Hourly Employees for all their hours worked, Sky Climber also fails to pay them overtime at the proper premium rate.

14.     Instead, Sky Climber pays its Hourly Employees (like Olmedo) non-discretionary production bonuses and per diems.

15.     Sky Climber knows these bonuses and per diems should be, but are not, included in its Hourly Employees' "regular rates" of pay for overtime purposes (Sky Climber's "bonus pay scheme" and "per diem pay scheme").

ORIGINAL COMPLAINT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

16. Sky Climber's bonus and per diem pay schemes violate the FLSA and WMWA by depriving Olmedo and the other Hourly Employees of overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week.

17. Likewise, Sky Climber's bonus and per diem pay schemes violate the WWRA by willfully withholding these earned wages from Olmedo and the other Hourly Employees.

JURISDICTION & VENUE

18. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

19. This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Sky Climber based on Sky Climber's substantial contacts with, and conduct directed toward, Washington, including employing Hourly Employees (like Olmedo) in Washington.

21. Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

22. Specifically, Olmedo worked for Sky Climber in Olympia, Washington, which is in this District and Division.

PARTIES

23. From approximately August 2019 until September 2022, Sky Climber employed Olmedo as a Wind Turbine Technician in Washington, Texas, and Iowa.

24. Throughout his employment, Sky Climber classified Olmedo as non-exempt and paid him on an hourly basis.

25. Throughout his employment, Sky Climber subjected Olmedo to its illegal meal break policy, requiring him to "clock out" for 30 minutes a day for so-called "meal breaks," regardless of whether he actually received a *bona fide* meal break.

26. But Olmedo did not actually receive *bona fide* meal breaks (or even rest breaks).

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

27.     Further, throughout his employment, Sky Climber subjected Olmedo to its illegal bonus pay scheme, paying him non-discretionary production bonuses that Sky Climber excluded from his regular rate for overtime purposes.

28.     Likewise, throughout his employment, Sky Climber subjected Olmedo to its illegal per diem pay scheme, paying him per diems that Sky Climber excluded from his regular rate for overtime purposes.

29.     Olmedo's written consent is attached as Exhibit 1.

30.     Olmedo brings this class and collective action on behalf of himself and other similarly situated hourly Sky Climber employees who were subject to Sky Climber's (1) meal break policy, (2) bonus pay scheme, and/or (3) per diem pay scheme.

31.     Sky Climber requires these employees to "clock out" for 30 minutes a day for so-called "meal breaks."

32.     But these employees do not actually receive *bona fide* meal breaks (or even rest breaks).

33.     Thus, Sky Climber uniformly fails to provide these employees with *bona fide* meal and rest periods in violation of the WIWA and related Washington DOLI regulations.

34.     Sky Climber also pays these employees non-discretionary production bonuses and per diems.

35.     Sky Climber knows these bonuses and per diems should be, but are not, included in these employees' regular rates of pay for overtime purposes.

36.     Thus, Sky Climber uniformly deprives these employees of overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week in violation of the FLSA and WMWA.

37.     Likewise, Sky Climber willfully withholds these earned wages from these employees in violation of the WWRA.

ORIGINAL COMPLAINT - 4

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

38.     The FLSA Collective of similarly situated employees is defined as:

All hourly Sky Climber employees who were subject to Sky Climber's (1) meal break policy, (2) bonus pay scheme, and/or (3) per diem pay scheme at any time in the past 3 years (the "FLSA Collective Members").

39.     Olmedo also seeks to represent such a class under Washington law pursuant to Fed. R. Civ. P. 23.

40.     The Washington Class of similarly situated employees is defined as:

All hourly Sky Climber employees in Washington who were subject to Sky Climber's (1) meal break policy, (2) bonus pay scheme, and/or (3) per diem pay scheme at any time in the past 3 years (the "Washington Class Members").

41.     The FLSA Collective Members and the Washington Class Members are collectively referred to as the "Hourly Employees."

42.     Sky Climber is an Ohio limited liability company headquartered in Delaware, Ohio.

43.     Sky Climber may be served through its registered agent: Transcontinental Agents, Inc., 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

FLSA Coverage

44.     At all relevant times, Sky Climber was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45.     At all relevant times, Sky Climber was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46.     At all relevant times, Sky Climber was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, tools, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

47.     At all relevant times, Sky Climber has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

ORIGINAL COMPLAINT - 5

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

48.    At all relevant times, the Hourly Employees (like Olmedo) were Sky Climber's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

49.    At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

50.    Sky Climber uniformly required its Hourly Employees to "clock out" and record they received a meal break, regardless of whether they actually received a *bona fide* meal break.

51.    As a result, Sky Climber failed to pay its Hourly Employees (like Olmedo) wages (including overtime) for the compensable work they performed during their unpaid "meal breaks."

52.    Sky Climber's uniform meal break policy therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

53.    Sky Climber also uniformly paid its Hourly Employees non-discretionary production bonuses and per diems that Sky Climber excluded from their regular rates of pay for overtime purposes.

54.    As a result, Sky Climber failed to pay its Hourly Employees (like Olmedo) at least 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week.

55.    Sky Climber's bonus and per diems pay schemes therefore violate the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

56.    Sky Climber bills itself as "a leading independent service provider (ISP) to the North American renewable energy industry, offering a complete menu of wind, solar, and energy storage services to the world's leading energy companies."[1]

57.    To meet its business objectives, Sky Climber hires workers, like Olmedo and the other Hourly Employees, who build, service, and maintain Sky Climber wind and solar products for its clients.

---

[1] https://skyclimber-re.com/about-us/ (last visited April 15, 2024).

ORIGINAL COMPLAINT - 6

58.    Sky Climber uniformly classifies its Hourly Employees (like Olmedo) as non-exempt and pays them on an hourly basis.

59.    While exact job titles and precise job duties may differ, Olmedo and the other Hourly Employees are all subject to Sky Climber's same or similar illegal policies—Sky Climber's meal break policy, bonus pay scheme, and per diem pay scheme—for similar work.

60.    For example, Sky Climber employed Olmedo as a Wind Turbine Technician in Washington, Texas, and Iowa from approximately August 2021 until September 2022.

61.    Specifically, Olmedo worked in Greenfield, Iowa from the beginning of his employment through December 2021; in Lubbock, Texas from January 2022 through March 2022; in Olympia, Washington from April 2022 through June 2022; and in Corpus Christi and Beeville, Texas from July 2022 through the end of his employment.

62.    As a Wind Turbine Technician, Olmedo's primary responsibilities included assembling, inspecting, maintaining, servicing, and repairing Sky Climber's wind turbines for Sky Climber's clients in accordance with Sky Climber's uniform policies, procedures, and protocols.

63.    Olmedo was Sky Climber's hourly employee.

64.    Specifically, Sky Climber agreed to pay Olmedo approximately $22/hour for his first 40 hours worked in a week plus "time and a half" overtime for his hours worked after 40 in a week.

65.    Olmedo reported his hours worked to Sky Climber through its uniform timeclock system.

66.    Sky Climber's records reflect the hours Olmedo worked each week "on the clock."

67.    Throughout his employment, Olmedo typically worked 12 hours a day for 6 days a week (or 72 hours a week) "on the clock."

68.    But Sky Climber did not pay Olmedo for all his hours worked.

69.    Instead, Sky Climber subjected Olmedo to its uniform, illegal meal break policy and required him to work "off the clock" during his so-called "meal breaks."

70.    Specifically, Sky Climber required Olmedo to "clock out" for 30 minutes a day for so-called "meal breaks."

ORIGINAL COMPLAINT - 7

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

71.    Sky Climber required Olmedo to "clock out" for this time regardless of whether he actually received a *bona fide* meal break.

72.    If Olmedo did not "clock out" and record he took a "meal break," Sky Climber would discipline him and/or manually deduct 30 minutes from his recorded work time that day.

73.    But Olmedo did not actually receive *bona fide* meal breaks (of even rest breaks).

74.    Instead, Olmedo was forced to perform his regular job duties throughout his shifts (including during his so-called "meal breaks" and "rest breaks").

75.    And Sky Climber continuously subjected Olmedo to work interruptions during his attempted meal (and rest) breaks.

76.    Thus, Sky Climber failed to provide Olmedo with *bona fide*, duty-free meal and rest periods in violation of the WIWA and related Washington DOLI regulations.

77.    But Sky Climber did not pay Olmedo for his so-called "meal breaks."

78.    As a result, Sky Climber failed to pay Olmedo overtime wages for all hours worked over 40 in a workweek (including those worked "off the clock" during his on-duty "meal breaks") in violation of the FLSA and WMWA.

79.    Likewise, Sky Climber willfully withheld earned wages from Olmedo for work he performed during his on-duty "meal breaks" in violation of the WWRA.

80.    Further, throughout his employment, Sky Climber paid Olmedo according to its uniform, illegal bonus pay scheme.

81.    Specifically, Sky Climber paid Olmedo non-discretionary bonuses (approximately $200/each) when he met specific production quotas (*e.g.*, installed or serviced a certain number of wind turbine blades in a week).

82.    Sky Climber knew these bonuses should have been, but were not, included in Olmedo's regular rate of pay for overtime purposes.

83.    As a result, Sky Climber failed to pay Olmedo overtime at a rate not less than 1.5 times his regular rate of pay—based on *all* remuneration received—for his hours worked over 40 in a week in violation of the FLSA and WMWA.

ORIGINAL COMPLAINT - 8

84.     Likewise, Sky Climber willfully withheld these earned wages from Olmedo in violation of the WWRA.

85.     Similarly, throughout his employment, Sky Climber paid Olmedo according to its uniform, illegal per diem pay scheme.

86.     Specifically, Sky Climber paid Olmedo per diems that it knew should have been, but were not, included in Olmedo's regular rate of pay for overtime purposes.

87.     As a result, Sky Climber failed to pay Olmedo overtime at a rate not less than 1.5 times his regular rate of pay—based on *all* remuneration received—for his hours worked over 40 in a week in violation of the FLSA and WMWA.

88.     Likewise, Sky Climber willfully withheld these earned wages from Olmedo in violation of the WWRA.

89.     Olmedo and the other Hourly Employees perform their jobs under Sky Climber's supervision and use materials, equipment, and technology Sky Climber approves and supplies.

90.     Sky Climber requires Olmedo and its other Hourly Employees to abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

91.     Each pay period, Sky Climber pays Olmedo and the other Hourly Employees based on common systems and methods Sky Climber selects and controls.

92.     Like Olmedo, the other Hourly Employees are Sky Climber's hourly employees.

93.     Sky Climber requires its Hourly Employees to record their hours worked using Sky Climber's uniform timeclock system.

94.     Thus, Sky Climber has records of the number of hours its Hourly Employees worked "on the clock" each week.

95.     Like Olmedo, the other Hourly Employees typically work 12 hours a day for 6 days a week (or 72 hours a week) "on the clock."

96.     But just as with Olmedo, Sky Climber fails to pay its other Hourly Employees for all their hours worked.

ORIGINAL COMPLAINT - 9

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

97.     Instead, Sky Climber subjects all its Hourly Employees to the same illegal meal break policy it imposed on Olmedo and requires them to work "off the clock."

98.     Specifically, Sky Climber requires all its Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal break."

99.     Sky Climber requires all its Hourly Employees to "clock out" for this time regardless of whether they actually receive a *bona fide* meal break.

100.     If the Hourly Employees do not "clock out" and record they took a "meal break," Sky Climber disciplines them and/or manually deducts 30 minutes from their recorded work time that day.

101.     Sky Climber simply assumes its Hourly Employees receive *bona fide* meal breaks each shift they work.

102.     But, like Olmedo, the other Hourly Employees do not actually receive *bona fide* meal breaks (or even rest breaks).

103.     Instead, Sky Climber requires all its Hourly Employees to remain on-duty throughout their shifts, including during their unpaid "meal breaks" (and "rest breaks").

104.     And, like Olmedo, Sky Climber continuously subjects its other Hourly Employees to work interruptions during their unpaid "meal breaks" (and "rest breaks").

105.     Because of these constant work interruptions, the Hourly Employees are not free to engage in personal activities during their unpaid "meal breaks" (and "rest breaks").

106.     In other words, the Hourly Employees are not relieved of all their duties during their unpaid "meal breaks" (and "rest breaks").

107.     Rather, during their unpaid "meal breaks" (and "rest breaks"), the Hourly Employees are forced to remain on-duty and perform their regular job duties and responsibilities "off the clock."

108.     Thus, the Hourly Employees (like Olmedo) routinely spend their unpaid "meal breaks" performing work "off the clock" for Sky Climber's—not their own—predominant benefit.

ORIGINAL COMPLAINT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

109.    This unpaid "off the clock" work time is compensable under the FLSA and Washington law because Sky Climber knew, or should have known: (1) Olmedo and its other Hourly Employees were performing unpaid work during their "meal breaks"; (2) they were interrupted or subject to interruptions with work duties during any attempted meal break; (3) they were not completely relieved of all duties during their unpaid meal breaks; (4) they entirely skipped their meal breaks due to work demands; (5) their unpaid meal breaks were less than 30 consecutive minutes; (6) they were not free to engage in personal activities during their unpaid meal breaks because of constant work interruptions; (7) they remained on Sky Climber's premises and/or under Sky Climber's supervision during their unpaid meal breaks; and/or (8) they spent their unpaid meal breaks performing their regular job duties for Sky Climber's predominant benefit.

110.    Sky Climber fails to exercise its duty to ensure its Hourly Employees are not performing work "off the clock" during their unpaid "meal breaks."

111.    And Sky Climber knows, should know, or recklessly disregards whether its Hourly Employees routinely perform work "off the clock" during their unpaid "meal breaks."

112.    Indeed, Olmedo and other Hourly Employees complained to their supervisors, HR, and/or Sky Climber management about being forced to work "off the clock" during their unpaid "meal breaks."

113.    Thus, Sky Climber requested, suffered, permitted, or allowed its Hourly Employees (like Olmedo) to work "off the clock" during their unpaid "meal breaks."

114.    Sky Climber's uniform failure to provide Olmedo and its other Hourly Employees with *bona fide*, duty-free meal (and rest) periods violates the WIWA and related Washington DOLI regulations.

115.    Despite accepting the benefits, Sky Climber does not pay its Hourly Employees (like Olmedo) for the compensable work they perform "off the clock" during their so-called "meal breaks."

116.    Thus, under its uniform, illegal meal break policy, Sky Climber fails to pay Olmedo and its other Hourly Employees overtime for all hours worked over 40 in a workweek (including

ORIGINAL COMPLAINT - 11

those worked "off the clock" during their on-duty "meal breaks") in violation of the FLSA and WMWA.

117.    Likewise, under its uniform, illegal meal break policy, Sky Climber willfully withheld earned wages from Olmedo and its other Hourly Employees for work they performed during their on-duty "meal breaks" in violation of the WWRA.

118.    Finally, Sky Climber also subjects all its Hourly Employees to the same illegal bonus and per diem pay schemes it imposed on Olmedo.

119.    Specifically, Sky Climber pays all its Hourly Employees non-discretionary bonuses when they meet specific production quotas (*e.g.*, installing or servicing a certain number of wind turbine blades in a week), as well as per diems.

120.    Sky Climber knows these bonuses and per diems should be, but are not, included in its Hourly Employees' regular rates of pay for overtime purposes.

121.    As a result, Sky Climber fails to pay Olmedo and its other Hourly Employees overtime at a rate not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week in violation of the FLSA and WMWA.

122.    Likewise, Sky Climber willfully withheld these earned wages from Olmedo and its other Hourly Employees in violation of the WWRA.

CLASS & COLLECTIVE ACTION ALLEGATIONS

123.    Olmedo incorporates all other paragraphs by reference.

124.    Like Olmedo, the other Hourly Employees are uniformly victimized by Sky Climber's uniform, illegal meal break policy, bonus pay scheme, and per diem pay scheme.

125.    Other Hourly Employees worked with Olmedo and indicated they were paid in the same manner, performed similar work, and were subject to Sky Climber's same illegal meal break policy, bonus pay scheme, and per diem pay scheme.

126.    Based on his experience, Olmedo is aware Sky Climber's illegal meal break policy, bonus pay scheme, and per diem pay scheme were imposed on the other Hourly Employees.

127.    The putative class of Hourly Employees includes more than 40 members.

ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

128.    Thus, the putative class of Hourly Employees is so numerous that the joining of all class members in one lawsuit is not practical.

129.    The Hourly Employees are similarly situated in the most relevant respects.

130.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to earned wages, overtime wages, and *bona fide* meal and rest periods.

131.    The only relevant inquiry is whether the Hourly Employees were subject to Sky Climber's illegal meal break policy, bonus pay scheme, and/or per diem pay scheme (which, by definition, they were).

132.    Therefore, the specific job titles or precise job locations of the various Hourly Employees do not prevent class or collective treatment.

133.    Rather, Sky Climber's uniform, illegal meal break policy, bonus pay scheme, and per diem pay scheme render Olmedo and the other Hourly Employees similarly situated for the purposes of determining their right to earned wages, overtime wages, and *bona fide* meal and rest periods.

134.    Sky Climber's records reflect the number of hours the Hourly Employees worked each week "on the clock."

135.    Sky Climber's records further reflect it required its Hourly Employees to "clock out" for 30 minutes a day for so-called "meal breaks."

136.    Sky Climber's records also show it paid its Hourly Employees bonuses and/or per diems.

137.    And Sky Climber's records reflect that it excluded the Hourly Employees' bonuses and per diems from their regular rates of pay for overtime purposes.

138.    The back wages owed to Olmedo and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

ORIGINAL COMPLAINT - 13

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

139.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Sky Climber's records, and there is no detraction from the common nucleus of liability facts.

140.    Therefore, the issue of damages does not preclude class or collective treatment.

141.    Olmedo's experiences are therefore typical of the experiences of the other Hourly Employees.

142.    Olmedo has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

143.    Like each Hourly Employee, Olmedo has an interest in obtaining the unpaid wages owed under federal and Washington law.

144.    Olmedo and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

145.    Olmedo retained counsel with significant experience in litigating complex class and collective actions.

146.    A class and collective action is superior to other available means for the fair and efficient adjudication of this lawsuit.

147.    Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Sky Climber will reap the unjust benefits of violating the FLSA and Washington law.

148.    Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

149.    Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Sky Climber.

150.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

151.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

ORIGINAL COMPLAINT - 14

152.    Among the common questions of law and fact are:

(a)    Whether Sky Climber engaged in a policy and practice of requiring its Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal break," regardless of whether they received a *bona fide* meal break;

(b)    Whether Sky Climber knew, or had reason to know, it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" during their unpaid "meal breaks";

(c)    Whether Sky Climber failed to provide its Hourly Employees with *bona fide* meal and rest periods in violation of the WIWA and related Washington DOLI regulations;

(d)    Whether Sky Climber failed to pay the Hourly Employees overtime wages for all overtime hours worked in violation of the FLSA and WMWA;

(e)    Whether Sky Climber paid its Hourly Employees non-discretionary production bonuses that it excluded from their regular rates of pay for overtime purposes;

(f)    Whether Sky Climber paid its Hourly Employees per diems that it excluded from their regular rates of pay for overtime purposes;

(g)    Whether Sky Climber failed to pay its Hourly Employees overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week in violation of the FLSA and WMWA;

(h)    Whether Sky Climber willfully withheld earned wages from its Hourly Employees in violation of the WWRA;

(i)    Whether Sky Climber's decision not to pay its Hourly Employees overtime wages for all overtime hours worked was made in good faith;

ORIGINAL COMPLAINT - 15

(j)     Whether Sky Climber's decision not to pay its Hourly Employees overtime at the proper premium rate was made in good faith;

(k)     Whether Sky Climber's decision to withhold earned wages from its Hourly Employees was made in good faith; and

(l)     Whether Sky Climber's violations were willful.

153.    Olmedo knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

154.    Sky Climber's illegal meal break policy, bonus pay scheme, and per diem pay scheme deprived Olmedo and the other Hourly Employees of earned wages for all hours worked and overtime wages at the proper premium rate for all hours worked after 40 in a workweek, which they are owed under federal and Washington law.

155.    There are many similarly situated Hourly Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

156.    The similarly situated Hourly Employees are known to Sky Climber, are readily identifiable, and can be located through Sky Climber's business and personnel records.

SKY CLIMBER'S VIOLATIONS WERE WILLFUL AND/OR DONE
IN RECKLESS DISREGARD OF FEDERAL & WASHINGTON LAW

157.    Olmedo incorporates all other paragraphs by reference.

158.    Sky Climber knew it was subject to the FLSA's overtime provisions.

159.    Sky Climber knew the FLSA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked after 40 in a workweek.

160.    Sky Climber knew it was subject to the WMWA's overtime provisions.

161.    Sky Climber knew the WMWA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked after 40 in a workweek.

ORIGINAL COMPLAINT - 16

162.    Sky Climber knew it was subject to the WWRA.

163.    Sky Climber knew the WWRA prohibited it from willfully withholding earned wages from employees, including the Hourly Employees.

164.    Sky Climber knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

165.    Sky Climber knew its Hourly Employees were non-exempt employees entitled to overtime.

166.    Sky Climber knew it paid its Hourly Employees on an hourly basis.

167.    Sky Climber knew it paid its Hourly Employees non-discretionary bonuses when they met pre-determined production quotas.

168.    Sky Climber knew these bonuses constituted part of its Hourly Employees' wages and compensation.

169.    Sky Climber knew these bonuses should have been included in its Hourly Employees' regular rates of pay for overtime purposes.

170.    Nonetheless, Sky Climber excluded its Hourly Employees' bonuses from their regular rates of pay for overtime purposes.

171.    Sky Climber knew it paid its Hourly Employees per diems.

172.    Sky Climber knew these per diems constituted part of its Hourly Employees' wages and compensation.

173.    Sky Climber knew these per diems should have been included in its Hourly Employees' regular rates of pay for overtime purposes.

174.    Nonetheless, Sky Climber excluded its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

175.    Sky Climber knew it was subject to the WIWA and the Washington DOLI regulations.

ORIGINAL COMPLAINT - 17

176.     Sky Climber knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free 10-minute rest period for every 4 hours worked.

177.     Sky Climber knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute meal period for every 5 hours worked.

178.     Sky Climber knew its Hourly Employees did not waive their meal breaks.

179.     Nonetheless, Sky Climber failed to provide its Hourly Employees with *bona fide*, duty-free meal and rest periods.

180.     Sky Climber knew the FLSA and Washington law required it to pay its employees, including the Hourly Employees, for all hours they performed compensable work.

181.     Sky Climber knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

182.     Sky Climber knew its Hourly Employees did not actually receive *bona fide* meal periods.

183.     Sky Climber knew its Hourly Employees regularly worked "off the clock" during their unpaid "meal breaks."

184.     Sky Climber knew its Hourly Employees regularly spent their unpaid "meal breaks" performing their regular job duties "off the clock" for Sky Climber's predominant benefit.

185.     Thus, Sky Climber knew it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" during their so-called "meal breaks."

186.     In other words, Sky Climber knew, should have known, or recklessly disregarded whether its Hourly Employees performed compensable work "off the clock" during their so-called "meal breaks."

187.     Nonetheless, Sky Climber did not pay its Hourly Employees for the compensable work they performed "off the clock" during their "meal breaks."

ORIGINAL COMPLAINT - 18

188.    Sky Climber knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA and Washington law.

189.    Indeed, Sky Climber (and its affiliated entities) have been sued previously by employees for failing to pay earned wages and overtime in violation of federal and state wage and hour laws. *See, e.g., Hartley, et al. v. Sky Climber Wind Sols. LLC, et al.*, No. 1:10-CV-01220 (C.D. Ill.).

190.    Sky Climber knowingly, willfully, and/or in recklessly disregard carried out its illegal employment policies that systematically deprived its Hourly Employees of *bona fide* meal and rest periods, earned wages, and premium overtime pay in violation of federal and Washington law.

### Sky Climber's Violations Were Not Done In Good Faith

191.    Olmedo incorporates all other paragraphs by reference.

192.    Sky Climber did not investigate whether it was required to include its Hourly Employees' bonuses in their regular rates of pay for overtime purposes.

193.    Sky Climber did not seek the advice of counsel regarding excluding its Hourly Employees' bonuses from their regular rates of pay for overtime purposes.

194.    Sky Climber did not receive advice from counsel regarding excluding its Hourly Employees' bonuses from their regular rates of pay for overtime purposes.

195.    Sky Climber did not rely on the advice of counsel in deciding to exclude its Hourly Employees' bonuses from their regular rates of pay for overtime purposes.

196.    Sky Climber's decision to exclude its Hourly Employees' bonuses from their regular rates of pay for overtime purposes was neither reasonable nor made in good faith.

197.    Sky Climber did not investigate whether it was required to include its Hourly Employees' per diems in their regular rates of pay for overtime purposes.

198.    Sky Climber did not seek the advice of counsel regarding excluding its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

199.    Sky Climber did not receive advice from counsel regarding excluding its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

200.    Sky Climber did not rely on the advice of counsel in deciding to exclude its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

201.    Sky Climber's decision to exclude its Hourly Employees' per diems from their regular rates of pay for overtime purposes was neither reasonable nor made in good faith.

202.    Sky Climber's decision not to pay its Hourly Employees overtime wages at the proper premium rate was neither reasonable nor made in good faith.

203.    Sky Climber did not seek the advice of counsel regarding its meal break policy.

204.    Sky Climber did not receive advice from counsel regarding its meal break policy.

205.    Sky Climber did not rely on the advice of counsel in imposing its meal break policy on its Hourly Employees.

206.    Sky Climber knew it failed to provide its Hourly Employees with *bona fide*, duty-free meal and rest periods.

207.    Sky Climber knew its Hourly Employees did not actually receive *bona fide*, duty-free meal and rest periods.

208.    Sky Climber's decision not to provide its Hourly Employees with *bona fide* rest breaks was neither reasonable nor made in good faith.

209.    Sky Climber's decision not to provide its Hourly Employees with *bona fide* meal breaks was neither reasonable nor made in good faith.

210.    Sky Climber's decision to require its Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal break" regardless of whether they actually received *a bona fide* meal break was neither reasonable nor made in good faith.

211.    Sky Climber's decision not to pay its Hourly Employees overtime wages for all overtime hours worked was neither reasonable nor made in good faith.

212.    Sky Climber's decision to withhold earned wages from its Hourly Employee was neither reasonable nor made in good faith.

ORIGINAL COMPLAINT - 20

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Cᴏᴜɴᴛ I

Fᴀɪʟᴜʀᴇ ᴛᴏ Pᴀʏ Oᴠᴇʀᴛɪᴍᴇ Uɴᴅᴇʀ ᴛʜᴇ FLSA
(FLSA Cᴏʟʟᴇᴄᴛɪᴠᴇ)

213.     Olmedo incorporates all other paragraphs by reference.

214.     Olmedo brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

215.     Sky Climber violated, and is violating, the FLSA by employing non-exempt employees (Olmedo and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all their hours worked after 40 in a workweek, including those worked "off the clock" during their unpaid "meal breaks."

216.     Sky Climber's unlawful conduct harmed Olmedo and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

217.     Accordingly, Sky Climber owes Olmedo and the other FLSA Collective Members the difference between the wages actually paid and the proper overtime wages earned.

218.     Because Sky Climber knew, or showed reckless disregard for whether, its meal break policy and bonus pay scheme violated the FLSA, Sky Climber owes these wages for at least the past 3 years.

219.     Sky Climber is also liable to Olmedo and the other FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

220.     Finally, Olmedo and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

Cᴏᴜɴᴛ II

Fᴀɪʟᴜʀᴇ ᴛᴏ Pᴀʏ Oᴠᴇʀᴛɪᴍᴇ Uɴᴅᴇʀ ᴛʜᴇ WMWA
(Wᴀsʜɪɴɢᴛᴏɴ Cʟᴀss)

221.     Olmedo incorporates all other paragraphs by reference.

222.     Olmedo brings his WMWA claim as a class action on behalf of himself and the other Washington Class Members pursuant to Fᴇᴅ. R. Cɪᴠ. P. 23.

ORIGINAL COMPLAINT - 21

1    223.    Sky Climber's conduct violates the WMWA (RCW 49.46, *et seq.*).

2    224.    At all relevant times, Sky Climber was subject to the WMWA because Sky Climber

3    was (and is) an "employer" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW

4    49.48.082(6).

5    225.    At all relevant times, Sky Climber employed Olmedo and the other Washington

6    Class Members as its covered "employees" within the meaning of the WMWA. *See* RCW

7    49.46.010(3); *see also* RCW 49.48.082(5)(a).

8    226.    The WMWA requires employers, like Sky Climber, to pay non-exempt employees,

9    including Olmedo and the other Washington Class Members, overtime wages at rates not less than

10   1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked after

11   40 in a workweek. RCW 49.46.130.

12   227.    Olmedo and the other Washington Class Members are entitled to overtime pay

13   under the WMWA.

14   228.    Sky Climber violated, and is violating, the WMWA by failing to pay non-exempt

15   employees (Olmedo and the other Washington Class Members) overtime wages at rates not less

16   than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked

17   after 40 in a workweek, including those worked "off the clock" during their unpaid "meal breaks."

18   *See* RCW 49.46.130.

19   229.    Sky Climber's unlawful conduct harmed Olmedo and the other Washington Class

20   Members by depriving them of the overtime wages they are owed under Washington law.

21   230.    Accordingly, Sky Climber owes Olmedo and the other Washington Class Members

22   the difference between the wages paid and the proper overtime wages earned (RCW 49.46.090) plus

23   pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

24   231.    Finally, Olmedo and the other Washington Class Members are also entitled to

25   recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.30.

26

27

ORIGINAL COMPLAINT - 22

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

<u>COUNT III</u>

WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
(WASHINGTON CLASS)

232.     Olmedo incorporates all other paragraphs by reference.

233.     Olmedo brings his WWRA claim as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

234.     Sky Climber's conduct violates the WWRA (RCW 49.52, *et seq.*).

235.     At all relevant times, Sky Climber was subject to the WWRA because Sky Climber was (and is) an "employer" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

236.     At all relevant times, Sky Climber employed Olmedo and the other Washington Class Members as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

237.     The WWRA prohibits employers, like Sky Climber, from depriving employees, including Olmedo and the other Washington Class Members, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

238.     Sky Climber violated, and is violating, the WWRA by willfully withholding earned wages from Olmedo and the other Washington Class Members for the hours they worked during their on-duty "meal breaks," which Sky Climber was obligated to pay under Washington law (*e.g.*, the WMWA). *See* RCW 49.52.050.

239.     Sky Climber also violated, and is violating, the WWRA by willfully withholding earned overtime wages from Olmedo and the other Washington Class Members, which federal and Washington law (*e.g.*, the FLSA and the WMWA) obligated Sky Climber to pay at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received. *See* RCW 49.52.050.

240.     Sky Climber's unlawful conduct harmed Olmedo and the other Washington Class Members by willfully withholding earned wages (including earned overtime wages at the proper premium rate) from these employees which they are owed under Washington law.

ORIGINAL COMPLAINT - 23

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

241.    Accordingly, Sky Climber owes Olmedo and the other Washington Class Members their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages (RCW 49.52.070), as well as pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

242.    Finally, Olmedo and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.

COUNT IV

FAILURE TO PROVIDE *BONA FIDE* MEAL AND REST PERIODS UNDER THE WIWA<br>(WASHINGTON CLASS)

243.    Olmedo incorporates all other paragraphs by reference.

244.    Olmedo brings his meal and rest period claims under the WIWA and related Washington DOLI regulations as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

245.    Sky Climber's conduct violates the WIWA's (and the related Washington DOLI regulations') meal and rest period requirements (RW 49.12, *et seq.*; WAC 296-126-092).

246.    At all relevant times, Sky Climber was subject to the WIWA and related Washington DOLI regulations because Sky Climber was (and is) an "employer" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

247.    At all relevant times, Sky Climber employed Olmedo and the other Washington Class Members as covered "employees" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

248.    The WIWA prohibits employers, like Sky Climber, to employ employees, including Olmedo and the other Washington Class Members, under conditions of labor detrimental to their health. RCW 49.12.020.

249.    The Washington DOLI regulations require employers, like Sky Climber, to provide employees, including Olmedo and the other Washington Class Members, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employee's shift. WAC 296-126-092(1).

ORIGINAL COMPLAINT - 24

250.    The Washington DOLI regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

251.    The Washington DOLI regulations also require employers, like Sky Climber, to provide employees, including Olmedo and the other Washington Class Members, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).

252.    The Washington DOLI regulations further prohibit employers, like Sky Climber, from requiring employees, including Olmedo and the other Washington Class Members, to work more than 3 hours without a rest period. WAC 296-126-092(4).

253.    Washington law also requires employers, like Sky Climber, to compensate employees, including Olmedo and the other Washington Class Members for missed meal and rest periods. *See, e.g., Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 517-19, 415 P.3d 224 (2018); *Pellino v. Brinks Inc.*, 164 Wn. App. 668, 690-93, 267 P.3d 383 (2011).

254.    Throughout the relevant period, Sky Climber expected and required Olmedo and the other Washington Class Members to remain on-duty and perform compensable work throughout their shifts, including during their meal and rest periods.

255.    Olmedo and the other Washington Class Members were not relieved of all duties during their attempted meal and rest periods but instead were subject to constant work interruptions.

256.    Thus, Sky Climber violated, is violating, the WIWA and related Washington DOLI regulations by failing to provide Olmedo and the other Washington Class Members *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

257.    Sky Climber's unlawful conduct harmed Olmedo and the other Washington Class Members by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

258.    Accordingly, Olmedo and the Washington Class Members are entitled to recover their unpaid wages for their missed meal and rest periods, penalties in an amount not less than $25

ORIGINAL COMPLAINT - 25

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1  nor more than $1,000 per violation (WAC 296-126-226; RCW 49.12.170), and pre-judgment interest

2  at a rate of 12% per annum (RCW 19.52.020).

3     259. Finally, Olmedo and the other Washington Class Members are also entitled to

4  recover their reasonable attorney's fees and costs incurred in this action. See RCW 49.12.150.

5  JURY DEMAND

6     260. Olmedo demands a trial by jury on all Counts.

7  RELIEF SOUGHT

8    WHEREFORE, Olmedo, individually and on behalf of the other Hourly Employees, seeks

9  the following relief:

10     (a) An Order designating this lawsuit as a collective action and authorizing notice

11       to the Hourly Employees allowing them to join this action by filing a written

12       notice of consent;

13     (b) An Order certifying this lawsuit as a class action pursuant to FED. R. CIV. P.

14       23;

15     (c) An Order appointing Olmedo and his counsel to represent the interests of the

16       Hourly Employees;

17     (d) An Order finding Sky Climber liable to Olmedo and the other FLSA Collective

18       Members for all unpaid overtime wages owed under the FLSA, plus liquidated

19       damages in an amount equal to their unpaid wages;

20     (e) An Order finding Sky Climber liable to Olmedo and the other Washington

21       Class Members for failing to provide them with *bona fide* meal and rest periods

22       plus all available statutory penalties;

23     (f) An Order finding Sky Climber liable to Olmedo and the other Washington

24       Class Members for all unpaid overtime wages owed under the WMWA;

25     (g) An Order finding Sky Climber liable to Olmedo and the other Washington

26       Class Members for all willfully withheld wages owed under the WWRA, plus

27       exemplary damages in an amount equal to 2 times their willfully withheld

ORIGINAL COMPLAINT - 26

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1     wages;

2     (h)    An Order awarding attorney's fees, costs, and expenses;

3     (i)     A Judgment against Sky Climber awarding Olmedo and the other Hourly

4             Employees all their willfully withheld wages, unpaid overtime, liquidated

5             damages, exemplary damages, statutory damages, attorney's fees, costs,

6             expenses, and any other penalties available under the FLSA, WMWA, WWRA,

7             and WIWA;

8     (j)     An award of pre- and post-judgment interest on all amounts awarded at the

9             highest rate allowable by law; and

10    (k)    All such other and further relief as may be necessary and appropriate.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORIGINAL COMPLAINT - 27

Date: April 19, 2024

Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: /s/ Michael Subit
 Michael C. Subit, WSBA #29189
 msubit@frankfreed.com
 705 Second Ave., Suite 1200
 Seattle, Washington 98104
 Telephone:  206.682.6711

JOSEPHSON DUNLAP, LLP

By: /s/ Michael Josephson
 Michael A. Josephson*
 mjosephson@mybackwages.com
 Andrew W. Dunlap*
 adunlap@mybackwages.com
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 Telephone:  713.352.1100

BRUCKNER BURCH, PLLC

By: /s/ Rex Burch
 Richard J. (Rex) Burch*
 rburch@brucknerburch.com
 11 Greenway Plaza, Suite 3025
 Houston, Texas 77046
 Telephone: 713.877.8788

ANDERSON ALEXANDER, PLLC

By: /s/ Clif Alexander
 William C. (Clif) Alexander*
 clif@a2xlaw.com
 Austin W. Anderson*
 austin@a2xlaw.com
 101 N. Shoreline Blvd., Suite 610
 Corpus Christi, Texas 78401
 Telephone: 361.452.1279

*Pro Hac Vice Applications Forthcoming

ATTORNEYS FOR OLMEDO
& THE HOURLY EMPLOYEES

ORIGINAL COMPLAINT - 28